UNITED STATES of America,
Plaintiff–Appellee,

v.

Fulvio DESANTIAGO–MARTINEZ,
Defendant–Appellant.

No. 92–50373.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 1992 *.

Decided Nov. 25, 1992.

As Amended on Denial of Rehearing and
Suggestion for Rehearing En Banc
Oct. 14, 1994.

Kevin C. McLean, San Diego, CA, for defendant-appellant.

Judith S. Feigin, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: FERGUSON, O'SCANNLAIN and RYMER, Circuit Judges.

Dissent by Judge FERGUSON.

### ORDER, DISSENT, AND AMENDED ORDER

#### ORDER

The order filed November 25, 1992, 980 F.2d 582, is amended as follows: [Editor's

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Note: Amendments incorporated for purposes of publication].

The dissent in this case is amended by adding the following part after part II and before the Conclusion at slip opinion, page 13809: [Editor's Note: Amendments incorporated for purposes of publication].

With these amendments, the majority of the panel has voted to deny the petition for rehearing and to reject the suggestion for rehearing en banc. Judge Ferguson would grant the petition for rehearing and recommends acceptance of the suggestion for rehearing en banc.

The full court was advised of the suggestion for rehearing en banc. An active judge requested a vote on whether to rehear the matter en banc. The matter failed to receive a majority of the vote of the nonrecused active judges in favor of en banc consideration. Fed.R.App.P. 35(b).

The petition for rehearing is DENIED and the suggestion for rehearing en banc is DENIED.

## AMENDED ORDER

Fulvio DeSantiago–Martinez appeals his sentence, which was imposed after he pleaded guilty pursuant to the terms of a written plea agreement. The government now moves to dismiss the appeal on the ground that the plea agreement contains an express waiver of the right to appeal the sentence. We dismiss.

■ "[A]n express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made." *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir.1991); *United States v. Navarro–Botello*, 912 F.2d 318, 319, 321–22 (9th Cir.1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 1488, 117 L.Ed.2d 629 (1992). A review of the record demonstrates that DeSantiago's express waiver satisfies the knowing and voluntary requirement. The waiver explicitly states that DeSantiago is aware of his right to appeal under 18 U.S.C. § 3742(a) and that he expressly waives that right. The agreement is simple and clear, DeSantiago had the agreement read to him in Spanish, and DeSantiago had discussed the agreement with his lawyer. Moreover, the presentence report, which DeSantiago also read, stated in simple terms that the plea agreement required him to waive his right to appeal. *Cf. United States v. Grewal*, 825 F.2d 220, 222 (9th Cir.1987) (defendant presumed to have knowledge of possibility of restitution where record demonstrates that he read, and discussed with his attorney, presentence report which disclosed possibility of restitution). The record also discloses that DeSantiago received the equivalent of twelve years of formal education in Mexico, attended grammar school in the United States for several years, and has "command of the English language and some ability to read and write it." DeSantiago may not be a college graduate, *see* Dissent, at 13809, but he received at least two explicit notices that the plea agreement required him to waive his right to appeal. Thus, the record amply demonstrates that his waiver was knowing and voluntary.

■ DeSantiago argues that he did not waive his right to appeal the sentence because the district court failed to advise him of this waiver at the Rule 11 guilty plea hearing. We reject this argument. In our view, a Rule 11 colloquy on the waiver of the right to appeal is not a prerequisite to a finding that the waiver is valid; rather, a finding that the waiver is knowing and voluntary is sufficient. *See generally Bolinger*, 940 F.2d at 480; *Navarro–Botello*, 912 F.2d at 321–22; *see also United States v. Davis*, 954 F.2d 182, 186 & n. 1 (4th Cir.1992) (while district court "would be well advised to specifically discuss with a defendant, during the Rule 11 proceeding, any waiver of appellate rights contained in the defendant's plea agreement" such discussion is not necessary prerequisite to finding of knowing and voluntary waiver); *United States v. Marin*, 961 F.2d 493, 496 (4th Cir.1992).

■ DeSantiago also argues that he did not waive his right to appeal because the district court failed to comply with Fed. R.Crim.P. 32(a)(2), which requires that the court advise a defendant of any right to appeal his sentence. In the plea agreement,

DeSantiago was explicitly advised of his right to appeal, and explicitly waived any right to appeal in the agreement. Thus, this argument lacks merit.

DISMISSED.

FERGUSON, Circuit Judge, dissenting:

The majority allows the district court to shirk its duties under Rule 11 and Rule 32(a)(2) when a defendant's waiver of the right to appeal a sentence is contained in a plea agreement. While we have held that a defendant may waive his or her right to appeal in a negotiated plea agreement, *United States v. Navarro–Botello,* 912 F.2d 318, 319, 321–22 (9th Cir.1990), *cert. denied,* — U.S. —, 112 S.Ct. 1488, 117 L.Ed.2d 629 (1992), such a waiver is valid only if it is made voluntarily and knowingly. *Id.* at 320–21. The majority reduces the analysis of whether or not a waiver of the right to appeal is knowing and voluntary to a cursory look at the plea agreement itself. Such an analysis is particularly inadequate when, as here, the waiver provision is confusingly worded and the defendant is not a native English speaker. Furthermore, the majority overlooks the district court's transgression of the clear language of Rule 32(a)(2), which says that a judge "shall advise the defendant of any right to appeal the sentence."

### I.

The trial judge is required to ascertain whether or not the defendant has knowingly and voluntarily entered into a plea agreement because such an agreement involves the waiver of certain constitutional and statutory rights. *See United States v. Wessells,* 936 F.2d 165, 167 (4th Cir.1991), *cert. denied* — U.S. —, 112 S.Ct. 1488, 117 L.Ed.2d 629 (1992); *United States v. Navarro–Botello,* 912 F.2d 318, 320 (9th Cir.1990). While the majority correctly notes that Rule 11 does not mandate any particular form for the colloquy between the trial judge and the defendant, it is incumbent upon the judge to canvass the defendant in a manner that ensures that the defendant made a voluntary decision based on an understanding of both the nature of the charges against him and the statutory and constitutional rights he is relinquishing. *See McCarthy v. United States,* 394 U.S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1968) ("[A]lthough the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary.") (footnotes omitted), *quoted in United States v. Bruce,* 976 F.2d 552, 559 (9th Cir. 1992).

Whether or not there has been an intelligent waiver of rights "must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1937). A judge is therefore required to do more than merely recite a litany of standard warnings at a Rule 11 colloquy. *See United States v. Bruce,* 976 F.2d at 558–60. In *Bruce,* we held that in order to satisfy the requirements of Rule 11(c)(1), a judge must " 'make the minor investment of time and effort necessary ... to demonstrate on the record that the defendant understands.' " *Id.* at 559 (citation omitted). While Rule 11(c)(1) addresses the requirement that the defendant understand the nature of the charges to which he has pleaded guilty, the district judge has a duty to make a similar minor investment in time to determine that a waiver is knowing and voluntary.

The trial judge in this case made no such investment. In fact, he did not even mention waiver of appellate rights, nor did he refer specifically to any of the provisions in the plea agreement. Rather, he explained the charges and potential sentences to DeSantiago and his brother at the same time, and then asked if they understood that they were giving up "some of [their] Constitutional rights." He went on to explain the rights associated with a plea of not guilty, but made no mention of appellate rights. While such an omission is not *necessarily* fatal to a finding that a defendant has knowingly waived these rights, *see, e.g., United States v. Cortez,* 973 F.2d 764, 767–68 (9th Cir.1992), other facts support the conclusion that no such finding is possible here.

Like the defendant in *Wessells,* DeSantiago is an unsophisticated defendant who "gave no indication of the degree to which he understood the waiver's import." *Wessells,* 936 F.2d at 168. Indeed, he was given no opportunity to give such indication because the trial judge did not even mention the waiver. This is particularly problematic since the waiver provision in the plea agreement is worded very confusingly:

> Defendant is aware that he has a right to appeal under 18 U.S.C. § 3742(a). Defendant expressly waives any right to appeal any other sentencing issues on such statute and any other grounds if the sentencing court does not impose a period greater than recommended by the Government. Additionally, defendant agrees to waive his right to appeal any post-conviction proceeding, including, but not limited to those grounds set forth in Title 28, United States Code, Section 2255.

Even a sophisticated reader might be confused by the language in the second sentence of the waiver provision, which leaves open the possibility that the defendant retains a right to appeal under 18 U.S.C. § 3742(a) and only waives other sentencing issues under section 3742.

DeSantiago, who is not a native English speaker, is not the type of well-informed defendant for whom a scanty colloquy might otherwise suffice. *See, e.g., United States v. Davis,* 954 F.2d 182, 186 (4th Cir.1992). In *Davis,* the court held that the defendant made a knowing and intelligent decision to waive his appellate rights because the trial judge had established during the Rule 11 proceeding that Davis was a college graduate who had no trouble with the English language and that he had discussed the plea agreement with his counsel "'at least a hundred times' and 'every day for at least a couple of hours a day.'" *Id.* In contrast, DeSantiago merely indicated that he had "gone over" the agreement with his lawyer and had it read to him once in Spanish. Given the confusing wording in the waiver provision and the insufficiency of the Rule 11 colloquy, we cannot say with any certainty that DeSantiago has knowingly and intelligently waived his right to appeal his sentence.

## II.

The district court judge also failed to carry out his duty under Rule 32(a)(2) to advise the defendant of his right to appeal the sentence. The language of Rule 32(a)(2) is unambiguous in its requirement that "[t]here shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere, *except that the court shall advise the defendant of any right to appeal the sentence*" (emphasis added). *Cf. Marrow v. United States,* 772 F.2d 525, 528–29 (9th Cir.1985) (distinguishing the clear language requiring the judge to inform a defendant who has pleaded guilty of his right to appeal the sentence from the absence of any requirement to inform such a defendant of a right to attack the conviction itself). The court in *Marrow* construed the "plain language of the amendment ... to provid[e] that the judge shall advise the defendant of his right to appeal the *sentence.*" *Id.* The plea agreement does not relieve the judge of this responsibility.

The plain language of Rule 32(a)(2) also reinforces the judge's responsibility to canvass the defendant regarding his knowledge of the rights he has waived in the plea agreement. The district judge's failure to comply with Rule 32(a)(2) highlights the absence of any basis for us to determine whether DeSantiago's waiver of his right to appeal the sentence was knowing and voluntary.

## III.

The Eleventh Circuit has recently held that when a defendant's waiver of the right to appeal the sentence is contained in a plea agreement, the government must show that "either 1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or 2) it is *manifestly clear* from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert,* 997 F.2d 1343 (11th Cir.1993) (emphasis added). In adopting this rule, the

*Bushert* court had the following to say about our *DeSantiago* opinion:

> We reject the view of the *DeSantiago–Martinez* court that an examination of the text of the plea agreement is sufficient to find the waiver knowing and voluntary. Rather, we agree with the *DeSantiago–Martinez* dissent when it stated "it is incumbent upon the judge to canvass the defendant in a manner that ensures that the defendant made a voluntary decision based on an understanding of both the nature of the charges against him and the statutory and constitutional rights he is relinquishing."

*Id.* at 1352.

The facts of the *DeSantiago* case starkly demonstrate why the rule adopted by the Eleventh Circuit is the correct approach.[1] During the Rule 11 colloquy, the district court did not even *mention* that DeSantiago's plea agreement contained a provision regarding a waiver of his right to appeal his sentence. Nor is it "manifestly clear" from the record that DeSantiago otherwise understood the full significance of the waiver provision in the plea agreement.

The amendment of the majority opinion after the Eleventh Circuit ruled in *United States v. Bushert,* does not in any way distinguish this case from *Bushert.* First of all, there is no authority whatever for relying upon the contents of a presentence report in evaluating whether a defendant has waived his right to appeal his sentence knowingly and voluntarily at the time of his plea. Secondly, the majority seems to be saying that if a probation officer has interpreted very confusing terms of an alleged waiver, that interpretation is good enough for the court. Thirdly, there is no evidence whatsoever that the defendant read or understood one short sentence in a very long presentence report. Whatever may be said about the presentence report, it is *manifestly clear* that it does not exhibit a knowing relinquishment of a statutory right.

## Conclusion

The district judge's failure to canvass DeSantiago adequately under Rule 11 prevents us from finding that his waiver of his right to appeal his sentence was knowing and voluntary. The district judge also failed to comply with the plain language of Rule 32(a)(2) which *requires* him to inform the defendant of any right to appeal his sentence. For these reasons, I respectfully DISSENT.

---

1. The Fourth Circuit has adopted a rule similar to the Eleventh Circuit's holding that "a waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." *United States v. Marin,* 961 F.2d 493, 496 (4th Cir.1992). Furthermore, two other circuits that have approved the knowing and voluntary waiver of appellate rights have done so in circumstances where there were extensive colloquies about the waiver. *See United States v. Melancon,* 972 F.2d 566, 567 (5th Cir.1992); *United States v. Rutan,* 956 F.2d 827, 830 (8th Cir.1992).