53 F.3d 341
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose SOLARIO, Defendant-Appellant.
 No. 94-50443.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 1, 1995.*
Decided May 4, 1995.
 
 1
 IN PART, DISMISSED IN PART.
 
 
 2
 Before: BEEZER and TROTT, Circuit Judges, and BURNS, Senior District Judge.**
 
 
 3
 MEMORANDUM***
 
 
 4
 Jose Solorio[1] ("Solorio") appeals his conviction and sentence imposed after he pleaded guilty to Count I of the superseding indictment pursuant to the terms of a written plea agreement. (He does not challenge the conviction or sentence imposed for his
 
 
 5
 that Solorio's plea of guilty to Count I of the superseding indictment was made voluntarily and in compliance with Rule 11.
 
 II
 
 6
 We conclude the district court did not abuse its discretion in denying Solorio's motion for withdrawal of his guilty plea. A guilty plea may be withdrawn before sentencing for "any fair and just reason." Fed.R.Crim.P. 32(e). We conclude Solorio has failed to demonstrate that his guilty plea was "unfairly obtained or given through ignorance, fear or inadvertence." United States v. Rubalcaba, 811 F.2d 491, 493 (9th Cir.) (citation omitted), cert. denied, 484 U.S. 832 (1987). He advised the district court that he had read and understood the plea agreement. During his change of plea hearing Solorio challenged a portion of the Stipulation of Facts contained in the plea agreement, and was permitted to resolve that factual dispute before pleading guilty. The district court carefully discussed with Solorio the maximum and minimum sentences for each charge to which Solorio would plead guilty. In short, we conclude that Solorio's contention that he did not know he was pleading guilty to a narcotics charge is refuted by the district court's elaborate process of ensuring Solorio understood the gravity and consequences of his guilty plea. Accordingly, we conclude the district court did not abuse its discretion in denying Solorio's motion to withdraw his guilty plea.
 
 III
 
 7
 We dismiss that portion of Solorio's appeal related to his sentence because we conclude that Solorio expressly waived his right to appeal his sentence. An express waiver is valid if the waiver is made knowingly and voluntarily. United States v. DeSantiago-Martinez, 38 F.3d 394, 394 (9th Cir.1994), cert. denied, 115 S.Ct. 939 (1995).
 
 
 8
 In his written plea agreement, Solorio expressly waived his right to appeal his sentence, provided the district court imposed a sentence below the statutory maximum of life imprisonment and did not depart upward from the applicable guidelines. The district court sentenced him to the statutory minimum of 120-months of imprisonment; this sentence was below the maximum and was not an upward departure. Accordingly, we conclude that he has waived his right to appeal his sentence, and we dismiss this portion of his appeal.
 
 IV
 
 9
 For the foregoing reasons we AFFIRM Solorio's conviction and DISMISS Solorio's appeal of his sentence.
 
 
 10
 AFFIRMED in part and DISMISSED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable J.M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The record alternately spells the appellant's name "Solario" or "Solorio." We hope we have chosen the correct spelling