67 F.3d 310
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miseal PONCE-PONCE, Defendant-Appellant.
 No. 94-10180.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 22, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miseal Ponce-Ponce appeals his 18-month sentence imposed following a guilty plea to criminal contempt in violation of 18 U.S.C. Sec. 401. Pursuant to Anders v. California, 386 U.S. 738 (1967), Ponce-Ponce's counsel submitted a brief stating no meritorious issues for review and filed a motion to withdraw as counsel of record.
 
 
 3
 Counsel identified two possible sentencing issues for review: whether the district court erred in (1) analogizing his offense to obstruction of justice under U.S.S.G. Sec. 2J1.2 rather than to failure to appear by material witness under U.S.S.G. Sec. 2J1.5; and (2) ruling that Ponce-Ponce's conduct resulted in substantial interference with the administration of justice, thereby warranting a three-level increase under U.S.S.G. 2J1.2(b)(2). Ponce-Ponce, however, waived his right to appeal these issues in the plea agreement.
 
 
 4
 A waiver of a defendant's statutory right to appeal is enforceable if it is made knowingly and voluntarily. See United States v. DeSantiago-Martinez, 38 F.3d 394, 395 (9th Cir.1994), cert. denied, 115 S.Ct. 939 (1995); United States v. Michlin, 34 F.3d 896, 989 (9th Cir.1994). In the plea agreement, Ponce-Ponce waived his right to appeal "any matter pertaining to the contempt citation including all motions, defenses, probable cause determinations, and objections and to the court's entry of judgment against [Ponce-Ponce] and imposition of sentencing increase under Title 18, United States Code, Section 3742 (sentence appeals)." At the change of plea hearing, the district court also advised him of the waiver. Nothing in the record suggests that the guilty plea agreement containing the express waiver was not made knowingly and voluntarily. See DeSantiago-Martinez, 38 F.3d at 395; Michlin, 34 F.3d at 898. Further, the terms of the plea agreement were complied with. See United States v. Torres, 999 F.2d 376, 378 (9th Cir.1993) (per curiam) (if defendant is sentenced in violation of plea agreement, we will not enforce waiver of right to appeal).
 
 
 5
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no further issues for review. Accordingly, counsel's motion to withdraw as counsel of record is GRANTED and the district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3