73 F.3d 371
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alan SILVA-ZAMUDIO, Defendant-Appellant.
 No. 95-50022.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1995.
Decided Dec. 21, 1995.
 
 Before: ALDISERT*, ALARCON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this action Alan Silva-Zamudio appeals his conviction and sentence for conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. Secs. 846 and 841(a)(1). We hold that, because Appellant waived his right to appeal as part of a valid written plea agreement, the plea agreement should be enforced and the appeal dismissed.
 
 I.
 
 3
 Appellant and another defendant were arrested for delivering five pounds of methamphetamine to an informant. Appellant then entered into a written agreement to plead guilty to conspiring to possess approximately 2.27 kilograms of methamphetamine with intent to distribute.
 
 
 4
 In that plea agreement, the parties agreed to "jointly recommend" a base offense level of 36 under the United States Sentencing Guidelines. The government further agreed to recommend three levels off for acceptance of responsibility and an additional one level downward departure "in the interest of justice," and to recommend 121 months, the minimum mandatory sentence of the guideline range. In return, Appellant agreed not to recommend any other departures and agreed not to appeal "unless the court imposes a custodial sentence greater than the high end of the offense level recommended by the government pursuant to this agreement." ECR 14-15. The court sentenced Appellant to 121 months in custody and five years supervised release.
 
 
 5
 The district court had jurisdiction under 18 U.S.C. Sec. 3231. We have jurisdiction pursuant to 28 U.S.C. Sec. 1294(1) and 18 U.S.C. Sec. 3742. The appeal was timely filed under Rule 4(b), Federal Rules of Appellate Procedure.
 
 II.
 
 6
 The major question for decision is whether this appeal should be dismissed because Appellant waived his right to appeal. We review de novo the validity of such a waiver. United States v. Buchanan, 59 F.3d 914, 916 (9th Cir.1995), cert. denied, 1995 WL 624963. We review the district court's interpretation of the plea agreement for clear error. United States v. Floyd, 1 F.3d 867, 869 (9th Cir.1993).
 
 
 7
 This court has consistently upheld the validity of waivers of appeal. See, e.g., United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991); United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1991), cert. denied, 112 S.Ct. 1488 (1992). In particular, an express waiver of the right to appeal is valid if knowingly and voluntarily made. United States v. DeSantiago-Martinez, 38 F.3d 394, 395 (9th Cir.1992), cert. denied, 115 S.Ct. 939 (1995). So long as the sentence has been imposed in accordance with the plea agreement, no exception exists to the waiver. Bolinger, 940 F.2d at 480 (9th Cir.1991).
 
 
 8
 Appellant's waiver in this case was clear and explicit:
 
 
 9
 In exchange for the Government's concessions in this plea agreement, defendant waives any right to appeal or to collaterally attack the conviction and sentence, unless the court imposes a custodial sentence greater than the high end of the offense level recommended by the Government pursuant to this agreement.
 
 
 10
 ECR 15. At the sentencing hearing, Appellant acknowledged that he had waived his right to appeal. Now on appeal, he simply ignores that waiver. We will not, however. Accordingly, we dismiss the appeal.[1]
 
 III.
 
 11
 We have considered all arguments advanced by the parties and conclude that no further discussion is necessary.
 
 
 12
 APPEAL DISMISSED.
 
 
 
 *
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In light of this holding, we need not reach Appellant's arguments that: (1) the district court should have applied the "safety valve" provision in sentencing; (2) the district court erred in assuming that it could not depart downward from the recommended 121-month sentence; and (3) in sentencing, the district court should have considered additional factors. Even were we to reach these issues, upon de novo review we would affirm the district court's interpretation and application of the sentencing guidelines. United States v. Basinger, 60 F.3d 1400 (9th Cir.1995)
 First, the district court could not have applied the safety valve provision, which requires "a sentence in accordance with the applicable guidelines," because the low end of the applicable guidelines range (here, 121 months) exceeds the statutory mandatory minimum, 120 months. See Violent Crime Control and Law Enforcement Act of 1994, 18 U.S.C. Sec. 3553(f). Second, the district court was plainly aware of its discretionary options when it sentenced Appellant in accordance with the plea agreement and the presentence report. And third, there were no additional factors that the district court was required to consider.