83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dana Brian HUTCHINSON, Defendant-Appellant.
 No. 95-10350.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dana Brian Hutchinson appeals his sentence under the Sentencing Guidelines imposed following his guilty plea to two counts of armed bank robbery (18 U.S.C. §§ 2113(a) & (d)) and one count for the use of a firearm during a crime of violence (18 U.S.C. § 924(c)). Hutchinson was sentenced to concurrent terms of 109 months for the armed robbery counts and 60 months for use of the firearm. Hutchinson's threshold contention is that he did not knowingly and voluntarily waive his right to appeal his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 3
 We review de novo the validity of a waiver of a right to appeal in a plea agreement. United States v. Buchanan, 59 F.3d 914, 916 (9th Cir.1995), cert. denied, 116 S.Ct. 430 (1995). We dismiss this appeal because Hutchinson waived his right to appeal as part of a valid written plea agreement.
 
 
 4
 An express waiver of the right to appeal is valid if it is knowingly and voluntarily made. United States v. DeSantiago-Martinez, 38 F.3d 394, 395 (9th Cir.1992), cert. denied, 115 S.Ct. 939 (1995). So long as the sentence has been imposed in accordance with the plea agreement, no exception exists to the waiver. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991).
 
 
 5
 Here, Hutchinson's waiver was clear and explicit. In exchange for a guilty plea, Hutchinson entered into a written plea agreement that waived his right to appeal or to collaterally attack the conviction and sentence. At the sentencing hearing, Hutchinson stated that he read and understood the terms of his plea agreement. Hutchinson acknowledged that he had waived his right to appeal unless the court imposed a sentence greater than what the Sentencing Guidelines recommended. Hutchinson also acknowledged that armed bank robbery carried a possible term of up to 300 months and that use of a firearm during a crime of violence carried a possible term of up to 60 months.
 
 
 6
 Therefore, Hutchinson knowingly and voluntarily waived his right to appeal as part of a valid written plea agreement. See Buchanan, 59 F.3d at 916; DeSantiago-Martinez, 38 F.3d at 395. Accordingly, the appeal is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3