86 F.3d 1156
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Franklin Carl PAULUS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1749.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1996.
 
 Before: WELLFORD, NORRIS, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Franklin Carl Paulus appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Paulus pleaded guilty to conspiracy to traffic in stolen vehicles in violation of 18 U.S.C. § 371 and sale or receipt of stolen vehicles in violation of 18 U.S.C. § 2313. Prior to sentencing, Paulus absconded and remained a fugitive until his arrest on May 31, 1994. In July 1994, Paulus entered a new guilty plea to the same two counts. The district court sentenced Paulus to 63 months of imprisonment. Paulus did not file a direct appeal.
 
 
 3
 Paulus filed a motion to vacate sentence, alleging that: 1) the district court improperly enhanced his total offense level by four points under USSG § 2B1.1(b)(5); 2) the district court improperly enhanced his total offense level by ten points pursuant to USSG § 2B1.1(b)(1)(k); 3) the district court improperly increased his total offense level by two points for obstruction of justice under USSG § 3C1.1; 4) the district court improperly calculated his criminal history category; 5) the government did not provide him with full discovery; 6) his sentence exceeded the statutory maximum; and 7) the district court should have departed downward in sentencing him. The district court denied the motion as meritless. Paulus then filed a motion for reconsideration of the district court's order. Paulus subsequently obtained counsel who filed a supplemental memorandum raising several new issues: 8) the district court utilized an incorrect guideline range in sentencing him; 9) the district court improperly imposed consecutive sentences; and 10) the district court did not advise him of his right to appeal his conviction and sentence pursuant to Fed.R.Crim.P. 32(c)(5). Following a hearing, the district court denied Paulus's motion for reconsideration. Paulus, again proceeding pro se, has filed a timely appeal in which he raises arguments enumerated 8, 9 and 10 above.
 
 
 4
 Upon review, we conclude that the district court properly denied Paulus's motion to vacate. In order to obtain habeas relief under § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2297 (1994).
 
 
 5
 We initially note that Paulus only argues on appeal that: 1) the district court utilized an incorrect guideline range in sentencing him; 2) the district court improperly imposed consecutive sentences; and 3) the district court did not advise him of his right to appeal his conviction and sentence pursuant to Fed.R.Crim.P. 32(c)(5). Consequently, the remaining claims raised in his motion to vacate are considered abandoned and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 6
 Paulus is barred from seeking relief on his remaining claims because he did not raise them in a direct criminal appeal. Claims that could have been but were not raised on direct appeal may not be reviewed under § 2255 unless Paulus demonstrates cause and actual prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). In light of the last claim raised in his motion to vacate, Paulus presumably argues that cause exists because the district court did not advise him of his right to appeal. Even if Paulus has shown cause, he suffered no prejudice because his claims are without merit.
 
 
 7
 The district court's sentence complied with the terms of Paulus's second plea agreement and Paulus should not now be heard to complain that the bargain was other than what he openly and unequivocally declared in court. See Mabry v. Johnson, 467 U.S. 504, 510-11 (1984). The district court properly imposed consecutive sentences in this case. See USSG § 5G1.2(d). Lastly, as Paulus waived his right to appeal, the district court was not required to advise him of his right to appeal under Fed.R.Crim.P. 32(c)(5). United States v. DeSantiago-Martinez, 38 F.3d 394, 395-96 (9th Cir.1992), cert. denied, 115 S.Ct. 939 (1995).
 
 
 8
 Accordingly, this court affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.