113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pablo BEDOYA, Defendant-Appellant.
 No. 96-50046.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 9, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CR-95-00011-R; William J. Rea, District Judge, Presiding.
 C.D.Cal.
 DISMISSED.
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pablo Bedoya appeals his conviction by guilty plea and 120-month sentence for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Bedoya's attorney has submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and a motion to withdraw as counsel of record. Bedoya, in a pro se supplemental brief, raises numerous issues.
 
 
 3
 The government argues that Bedoya has waived his right to appeal. Bedoya challenges the validity of the waiver on the basis that (1) his waiver was not knowing and voluntary because he did not understand the rights he waived; and (2) the district court did not advise him of his right to appeal as required by Fed.R.Crim.P. 32(a)(2). Bedoya's contentions lack merit.
 
 
 4
 "We review de novo the question of whether defendants have validly waived their right to appeal under the plea agreement." United States v. Michlin, 34 F.3d 896, 898 (9th Cir.1994). An express waiver of the right to appeal in a plea agreement is valid if made knowingly and voluntarily. See United States v. DeSantiago-Martinez, 38 F.3d 394, 395 (9th Cir.1994). However, "a waiver of appellate rights in a plea agreement is not automatically enforceable if, on appeal, the defendant calls into question the validity of the waiver." Michlin, 34 F.3d at 898.
 
 
 5
 Here, in the section of his plea agreement entitled "Waiver of Appeal," Bedoya specifically acknowledged his statutory right to appeal and "acknowledging all this, [he] knowingly and voluntarily waive[d his] right to appeal any sentence imposed by the Court and the manner in which the sentence [was] determined." At the change of plea hearing, Bedoya acknowledged under oath that the plea agreement had been read to him in Spanish, that he had discussed the case with his attorney and had no questions about the plea agreement, that he was "pleading guilty freely and voluntarily without threat or fear," that nothing other than his guilt had induced or compelled him to plead guilty, and that his mind was clear and he understood what he was doing. The district court further informed Bedoya "[i]f you have any reason to claim that your guilty plea is not freely voluntarily and understandingly made, now is the time to speak out." In addition, Bedoya completed eleven years of education and attended one semester of law school in Colombia. Given these circumstances, the record establishes that Bedoya's waiver was knowing and voluntary. See DeSantiago-Martinez, 38 F.3d at 395.
 
 
 6
 We also reject Bedoya's contention that his plea was not valid because the district court did not advise him of his right to appeal. See id. at 395-96 (holding that court need not advise defendant of right to appeal when a plea agreement explicitly advises defendant of that right and defendant waives it). To the extent that Bedoya is contending that the waiver is not valid because the district court did not mention the waiver in the Fed.R.Crim.P. 11 colloquy, we also reject that claim. See id. at 395 ("[A] Rule 11 colloquy on the waiver of the right to appeal is not a prerequisite to a finding that the waiver is valid.")
 
 
 7
 Bedoya's waiver of appeal is valid.
 
 
 8
 Counsel's motion to withdraw is GRANTED and Bedoya's appeal is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3