113 F.3d 1244
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodger ROBINSON, Defendant-Appellant.
 No. 96-10334.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 9, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CR-96-00119-SMM; Stephen M. McNamee, District Judge, Presiding.
 D.Ariz.
 DISMISSED.
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodger Robinson appeals his conviction and ten-month sentence imposed following his guilty plea to escape in violation of 18 U.S.C. § 751. We have jurisdiction pursuant to 28 U.S.C. § 1291, and dismiss the appeal.
 
 A. Waiver
 
 3
 The government contends that Robinson has waived his right to appeal. We agree.
 
 
 4
 "We review de novo the question of whether defendants have validly waived their right to appeal under the plea agreement." United States v. Michlin, 34 F.3d 896, 898 (9th Cir.1994). An express waiver of the right to appeal in a plea agreement is valid if made knowingly and voluntarily. See United States v. DeSantiago-Martinez, 38 F.3d 394, 395 (9th Cir.1994).
 
 
 5
 Here, in the section of his plea agreement entitled "Waiver of Defenses and Appeal Rights," Robinson specifically waived "any right to raise on appeal or collaterally attack any matter pertaining to this prosecution and sentence if the sentence imposed is consistent with the terms of this agreement." In addition, at the change of plea hearing, the court specifically informed Robinson that "you give up any right to raise on appeal or file any collateral attacks, such as a writ of habeas corpus or any other writ under the All Writs Act, pertaining to the prosecution and sentence of this case as long as I sentence you consistently within the guidelines or the plea agreement. Do you understand that?" To which Robinson replied "Yes." Accordingly, Robinson's waiver of his right to appeal is valid. See id.
 
 B. Breach
 
 6
 Robinson contends that his waiver is nevertheless unenforceable because the government breached the plea agreement by failing to recommend a two-point reduction for acceptance of responsibility. The record belies this contention.
 
 
 7
 A defendant's waiver of appeal is unenforceable if the defendant is sentenced in violation of the plea agreement. See United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir.1996), cert. denied, 117 S.Ct. 1282 (1997).
 
 
 8
 Here, the plea agreement states "[a]ssuming the defendant makes full and complete disclosure ... and, if the defendant demonstrates an acceptance of responsibility ... the United States will recommend a two-point reduction in the applicable sentence [sic] guideline offense level, pursuant to Section 3E1.1 of the Guidelines." At the change of plea hearing, the district court asked the prosecutor "the government's going to recommend a two-point reduction in the overall acceptance of responsibility.... Is that right[?]" The prosecutor answered "Yes, Your Honor."
 
 
 9
 At sentencing, the prosector stated "I think, if I calculate correctly, if the court follows the two-point acceptance asked for by [defense counsel], a level 7, with a criminal history of IV, as calculated by the probation department would place him in a category of [8--14][1] months, and we would ask the court to sentence him within that range (emphasis added)." The district court then stated "pursuant to the plea agreement, which I accept, I find as follows. That the presentence report should be amended to give [the defendant] the additional two-point reduction for acceptance of responsibility." Under these circumstances, the government, while perhaps not arguing for a two-point reduction with the enthusiasm desired by Robinson, nevertheless did not violate the plea agreement. See id.[2]
 
 
 10
 Accordingly, we dismiss Robinson's appeal.
 
 
 11
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The sentencing transcript reads "18 months," apparently a transcription error. The applicable sentence was eight to fourteen months and Robinson received a ten-month sentence
 
 
 [2]
 We also reject Robinson's contention that the plea agreement is void because the district court did not advise him that his sentence would run consecutively. See United States v. Wills, 881 F.2d 823, 825 (9th Cir.1989); see also United States v. Kikuyama, 109 F.3d 536, 537 (9th Cir.1997) ("This court has not retreated from its holding in Wills.")