116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward DONALDSON, Defendant-Appellant.
 No. 94-10184.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 23, 1997.
 
 Appeal from the United States District Court for the Northern District of California, Nos. 94-10184, CR-93-00350-SBA; Saundra B. Armstrong, District Judge, Presiding.
 MEMORANDUM*
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 Edward D. Donaldson appeals his 135-month sentence following a guilty plea for possession with the intent to distribute a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1). Donaldson contends that the district court erred by applying the sentencing guideline enhancement for crack cocaine when the government failed to prove by a preponderance of the evidence that the substance he possessed was crack cocaine. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and affirm.[1]
 
 
 2
 Donaldson failed to object to the district court's sentence based on the enhancement for crack cocaine, therefore, we review the application of the sentencing guidelines for plain error. See United States v. Savage, 67 F.3d 1435, 1443 (9th Cir.1995), cert. denied, 116 S.Ct. 964 (1996).
 
 
 3
 The effect of a guilty plea is that the defendant admits all the elements of a formal criminal charge and conclusively admits all factual allegations of the indictment. See United States v. Mathews, 833 F.2d 161, 163 (9th Cir.1987). All of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence are included in the guilty plea. See United States v. Parra Cazares, 112 F.3d 1391, 1396 (9th Cir.1997).
 
 
 4
 Donaldson's contention that the government did not prove by a preponderance of the evidence that he possessed crack cocaine is contrary to the record. At his change of plea hearing, Donaldson was asked about the actions he took which led him to plead guilty. Donaldson stated, "I was in possession of 153.61 grams of crack cocaine." Additionally, the presentence report states that Donaldson possessed crack cocaine and he never objected to the report. Because the government proved by a preponderance of the evidence that Donaldson actually possessed crack cocaine, the district court did not commit plain error in imposing Donaldson's sentence. See id. at 5379, 5380 (the defendant is bound at sentencing by factual allegations that establish an element of the crime which he has admitted by pleading guilty); see also United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc) (holding the government must prove factors enhancing a sentence by a preponderance of the evidence); cf. United States v. James, 78 F.3d 851, 855-58 (3rd Cir.1996) (holding that the government failed to prove by a preponderance of the evidence that the defendant possessed "crack" cocaine when the defendant never admitted to possessing crack cocaine, the defendant pleaded guilty to possessing a substance containing cocaine base, and evidence was introduced that there are different forms of cocaine base).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government contends Donaldson waived the right to appeal his sentence pursuant to his oral plea agreement. According to the terms of the agreement, Donaldson preserved his right to appeal three issues: 1) the court's decision on an obstruction of justice enhancement, 2) the court's decision on a downward departure request, and 3) the court's decision about whether cocaine base guidelines are racially discriminatory. Although Donaldson expressly preserved these three issues, there is no evidence in the record that Donaldson ever explicitly waived his statutory right to appeal other issues. Cf. United States v. Desantiago-Martinez 38 F.3d 394, 395 (9th Cir.1994) (an express waiver of the right to appeal in a plea agreement is valid if made knowingly and voluntarily)