124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven NORRIS, Defendant-Appellant.
 No. 95-30401.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Decided Sept. 12, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CR-95-00337-09-BJR; Barbara J. Rothstein, Chief Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Steven Norris appeals his 48-month sentence. Pursuant to a plea agreement, Norris pled guilty to using a telephone to facilitate the distribution of cocaine. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 The government contends that Norris has waived his right to appeal. Norris acknowledges the waiver of appeal provision in his plea agreement, but argues that the waiver is not enforceable because: (1) the district court informed Norris at sentencing that he may have a right to appeal, and (2) the government breached the plea agreement. We review de novo the validity of a waiver of appellate rights, see United States v. Buchanan, 59 F.3d 914, 916 (9th Cir.), cert. denied, 116 S.Ct. 430 (1995), and dismiss Norris's appeal.
 
 
 4
 A defendant may waive the right to appeal his sentence. See id. at 917. However, "where there is a direct conflict between a trial judge's unambiguous oral pronouncement of sentence and the written judgment, the oral pronouncement must control." Id. (citations omitted) (emphasis added).
 
 
 5
 Here, Norris signed a plea agreement containing a provision in which both Norris and the government agreed to waive the right to appeal any sentence which did not exceed 48 months. At the change of plea hearing, the district court told Norris that "the agreement of the parties is if Judge Rothstein's sentence does not exceed that agreed-to statutory Maximum, both sides waive any right to appeal the sentence.... Do you understand that?" Norris responded, "[y]es, sir." At sentencing, the court informed Norris that he "may have the right to appeal the sentence.... I'm not sure you do, given the terms of the plea agreement. But just in case, you've got to make that determination within 10 days of today or you could lose that right." Given these circumstances, Norris could not have had a reasonable expectation that he could appeal his sentence, thus his waiver is valid. See id.; United States v. DeSantiago-Martinez, 38 F.3d 394, 395-96 (9th Cir.1994).
 
 
 6
 Norris also argues that the government breached the plea agreement by failing to inform the court of the nature and extent of his cooperation. The plea agreement stated "[i]f the defendant chooses to cooperate with law enforcement in the investigation and prosection [sic] of others, the United States agrees to inform the Court at the time of sentencing of the nature and extent of the cooperation provided and its value to law enforcement authorities.... The defendant understands and agrees that the evaluation of his assistance shall be made solely by the United States Attorney's Office, and shall not be subject to review." At sentencing, the government did not raise the issue of Norris' cooperation, and Norris did not object or argue that the government breached the plea agreement.
 
 
 7
 "Issues not presented to the trial court cannot generally be raised for the first time on appeal." United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). "[A]n alleged breach of the plea agreement is precisely the type of claim that a district court is best situated to resolve." Id. at 560.
 
 
 8
 Because Norris did not raise this claim in the district court, we decline to address it for the first time on appeal. See id. Accordingly, Norris's appeal is
 
 
 9
 DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3