132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dana Paul BREWER, Defendant-Appellant.
 No. 97-50153.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 18, 1997.
 
 Appeal from the United States District Court for the Southern District of California William B. Enright, District Judge, Presiding
 Before: SNEED, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dana Paul Brewer appeals his conviction and twenty-four month sentence imposed following his guilty plea for conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. We have jurisdiction under 28 U.S.C. § 1291, and dismiss.
 
 
 3
 Brewer contends that his guilty plea and waiver of his right to appeal was not knowing and voluntary because the district court failed to properly inform him of the consequences of his guilty plea as required by Rule 11(e)(2). This contention lacks merit.
 
 
 4
 We review de novo whether a defendant waived his statutory right to appeal. See United States v. Bolinger, 940 F.2d 478, 480 (1991). An express waiver of the right to appeal in a negotiated guilty plea is valid if knowingly and voluntarily made. See United States v. DeSantiaqo-Martinez, 38 F.3d 394, 395 (9th Cir.1994). As long as the sentence imposed was in accordance with the plea agreement, no exception exists to the waiver of the right to appeal. See Bolinger, 940 F.2d at 480.
 
 
 5
 Our review of the record reveals that the district court complied with Rule 11(e)(2) by advising Brewer that if the sentence imposed was more severe than he expected, Brewer would still be bound by his plea agreement and he would have no right to withdraw his plea. See Fed.R.Crim.P. 11(e)(2) (1997). Because the district court complied with Rule 11(e)(2), Brewer's plea was made knowingly and voluntarily and he waived his right to appeal. See DeSantiago-Martinez, 38 F.3d at 395.
 
 
 6
 Brewer also contends that even if he did waive his right to directly appeal his conviction and sentence, his ineffective assistance of counsel claims are not waived. This contention lacks merit because the waiver of the right to appeal applies to ineffective assistance of counsel claims raised on direct appeal. See United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir.1996) (stating that the waiver of the right to appeal does not include claims of ineffective assistance of counsel brought under 28 U.S.C. § 2255).
 
 
 7
 DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3