139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose RAMIREZ-LOPEZ, Defendant-Appellant.
 No. 97-10184.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998.**
Decided Feb. 13, 1998.
 
 Appeal from the United States District Court for the District of Arizona, No. CR-96-00781-WDB; William D. Browning, District Judge, Presiding.
 Before: CANBY, LEAVY and SILVERMAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Ramirez-Lopez appeals the fifty-one month sentence imposed by the district court following his guilty plea to a violation of 18 U.S.C. § 1326, illegal reentry after deportation by a previously deported aggravated felon. His attorney has filed a brief stating that she can identify no issues for review, and a motion to withdraw as counsel of record pursuant to Anders v. California, 386 U.S. 738 (1967). We have jurisdiction pursuant to 28 U.S.C. § 1291, and dismiss the appeal.
 
 
 3
 As part of his plea agreement, Ramirez-Lopez waived the right to appeal his sentence. An express waiver of the right to appeal is valid if it is knowingly and voluntarily made, see United States v. DeSantiago-Martinez, 38 F.3d 394, 395 (9th Cir.1994), and will be upheld if the sentence imposed is in accordance with the plea agreement, see United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991).
 
 
 4
 Nothing in the record suggests that Ramirez-Lopez did not knowingly and voluntarily waive the right to appeal his sentence, in exchange for the government's agreement to seek a downward departure in sentence. In his supplemental pro se brief, Ramirez-Lopez asserts that he expected a lower sentence than he received because his attorney said Ramirez-Lopez would be sentenced based on criminal history category three. However, at sentencing, Ramirez-Lopez's actual criminal history category was category six, resulting in a longer sentence. To the extent this is construed as a claim that his guilty plea was invalid, an erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea. See United States v. Michlin, 34 F.3d 896, 899 (9th Cir.1995).
 
 
 5
 Ramirez-Lopez argues that his present appellate counsel is ineffective for failing to challenge the sentence imposed. "[T]he customary procedure in this Circuit for challenging the effectiveness of defense counsel ... is by collateral attack on the conviction ... and this Court has been chary of analyzing insufficiency of counsel claims on direct appeal." United States v. Rewald, 889 F.2d 836, 859 (9th Cir.1989) (internal quotation omitted), amended, 902 F.2d 18 (9th Cir.). Use of a habeas proceeding is preferable because "it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." Id. (internal quotation omitted). Ineffective assistance of counsel claims may be considered on direct appeal, however, where the record is sufficiently complete to allow this court to decide the issue. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991).
 
 
 6
 To the extent Ramirez-Lopez asserts ineffective assistance on this direct appeal, the record is sufficient to review the claims now. We have determined that the Anders brief was properly filed, and does not demonstrate ineffective assistance. Moreover, there is no indication that there was any error in the computation of Ramirez-Lopez's actual criminal history category, and the sentence imposed is a considerable reduction from that which he could have received.
 
 
 7
 We have conducted an independent review of the record under Penson v. Ohio, 488 U.S. 75, 83 (1988), and discovered no other issues for review. Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3