UNITED STATES of America,
Plaintiff—Appellee,

v.

Harlan Bruce KAMEKONA,
Defendant—Appellant.

No. 01–16436.
D.C. Nos. CV–00–00647–ACK,
CR–98–00219–ACK.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2002.*

Decided Nov. 27, 2002.

Before REINHARDT, RYMER and SILVERMAN, Circuit Judges.

MEMORANDUM**

Harlan Bruce Kamekona appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 108–month sentence for conspiracy to distribute over 100 grams of crystal methamphetamine. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review the denial of a § 2255 motion de novo, *United States v. Chacon–Palomares*, 208 F.3d 1157, 1158 (9th Cir.2000), and we affirm.

Kamekona contends that his guilty plea was unlawfully induced by the government's unfulfilled promise to move for a downward departure pursuant to U.S.S.G. § 5K1.1. His claim is not supported by the record. Kamekona claims that he relied on a letter agreement between his brother and the government stating that any cooperation from the brother would be "credited" to Kamekona. Kamekona, however, agreed to withdraw his motion to compel downward departure during the sentencing hearing.

Accordingly, for the reasons discussed, Kamekona's claim that the government breached his plea agreement by failing to move for a downward departure pursuant to U.S.S.G. § 5K1.1 also fails. *Id.*

Kamekona next contends that he was denied the right to appeal. This claim is also unpersuasive. During the plea colloquy, Kamekona stated in response to questioning from the court that he understood that, pursuant his plea agreement, he was waiving virtually all his rights to appeal. *See United States v. DeSantiago–Martinez*, 38 F.3d 394, 395 (9th Cir.1992) (order) (holding that waiver of the right to appeal is valid if knowingly and voluntarily made).

Finally, Kamekona claims that he was denied effective assistance of counsel because his counsel did not prevent the government from unlawfully inducing his plea agreement, did not mitigate the government's breach of his plea agreement, and did not file a notice of appeal. Kamekona fails, however, to show that his counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 57–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (citing *Strickland v.*

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Washington,* 466 U.S. 668, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.