**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Brian Keith MCDOWELL, Defendant—Appellant.**

No. 03–10417.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 24, 2004.

Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Samuel Wong, Esq., Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Brian Keith McDowell, pro se.

Michael B. Bigelow, Esq., Sacramento, CA, for Defendant–Appellant.

Before: HALL, LEAVY and FISHER, Circuit Judges.

## MEMORANDUM **

Brian Keith McDowell appeals his conviction by guilty plea to one count of conspiracy to distribute at least fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846.

Citing *United States v. DeSantiago–Martinez,* 38 F.3d 394, 395 (9th Cir.1992), McDowell argues that his waiver of appeal was not valid because the district court did not make a specific finding that the appeal waiver was knowing and voluntary. That case does not impose such a requirement, however. Instead, in that case we confirmed the validity of the appeal waiver and dismissed Desantiago–Martinez's appeal after determining that the language of the appeal waiver provision in the plea agreement was clear, and that the presentence report informed him "in simple terms that the plea agreement required him to waive his right to appeal." *Id.* Similarly, in the present case, both the written plea agreement and prosecutor's recital of the waiver provision at the Rule 11 hearing advised McDowell of his appeal waiver, and the court also advised McDowell directly as to the appeal waiver at the same hearing. Therefore the waiver in this case was valid. *See DeSantiago–Martinez,* 38 F.3d at 395.

Because we conclude that the appeal waiver in this case was valid, we decline to reach the other contentions raised in McDowell's brief.

**DISMISSED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

