38 F.3d 1218
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher L. CLARK, Defendant-Appellant.
 No. 92-10464.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 12, 1994.
Decided Oct. 11, 1994.
 
 1
 Before: FARRIS and BEEZER, Circuit Judges, and McLAUGHLIN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Christopher L. Clark appeals the sentence imposed after he pleaded guilty pursuant to the terms of a written plea agreement wherein he waived his right to appeal the sentence. However, Clark contends the district court misapplied the Sentencing Guidelines.
 
 
 4
 The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We hold the waiver enforceable and affirm the sentence.
 
 
 5
 * We review de novo whether an appellant has waived his statutory right to appeal. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991).
 
 
 6
 Clark pleaded guilty to three counts of bank embezzlement, one count of credit card fraud, and one count of conspiracy to commit bank robbery. Pursuant to the government's motion and the plea agreement, one count of bank robbery was dismissed. Clark was sentenced to 46 months in prison, followed by 36 months of supervised release. The plea agreement provided that if the court sentenced Clark to a term greater than 46 months, he could withdraw his guilty plea. The plea agreement also contained the following provision:
 
 7. Waiver of Defenses and Appeal Rights
 
 7
 Defendant hereby waives any right to raise and/or appeal and/or file any post-conviction writs of habeas corpus or coram nobis concerning any and all motions, defenses, probable cause determinations, and objections which defendant has asserted or could assert to this prosecution or to the court's entry of judgment against defendant and imposition of sentence upon defendant consistent with this agreement.
 
 
 8
 The plea agreement also contained Clark's representation that: "I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined according to the guidelines promulgated pursuant to the Sentencing Reform Act of 1984." Clark's attorney represented in a document attached to the plea agreement that he had discussed the case and the plea agreement with Clark in detail.
 
 
 9
 At sentencing, the district court applied the Guidelines in effect at the date of sentencing, June 22, 1992, instead of the date of offense, October 1990, which resulted in a two-level increase in the offense level. On appeal, the government concedes the district court misapplied the Guidelines.[1] Clark contends that a sentence appeal waiver in a valid plea agreement is inapplicable if the district court misapplies the Guidelines. We previously rejected this argument in United States v. Navarro-Botello, 912 F.2d 318 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992). However, we recognized an exception if a sentence is not imposed in accordance with the negotiated agreement. Id. at 321. That exception does not apply to Clark. Notwithstanding the district court's error, the actual sentence imposed did not exceed the cap of 46 months for which Clark and the United States had bargained in the plea agreement. Because the sentence did not exceed the limit agreed upon, Clark has waived his right to appeal the sentence. Bolinger, 940 F.2d at 480.
 
 II
 
 10
 We have held that an express waiver of the right to appeal in a negotiated guilty plea is valid if knowingly and voluntarily made. Id. Clark contends that he did not knowingly and voluntarily waive his right to appeal the sentence because his waiver was not express, and he was not questioned specifically during the Rule 11 proceeding about his sentence appeal waiver. The language of the plea agreement and the representation by Clark's attorney that he had discussed the plea agreement with Clark in detail indicate that the sentence appeal waiver was express. There is no evidence in the record to the contrary.
 
 
 11
 We have held that a specific colloquy on a sentence appeal waiver during the Rule 11 proceeding is not a prerequisite to finding that the waiver is valid. United States v. Michlin, No. 93-10360, slip op. 10643, 10649, 1994 WL 482562 (9th Cir. Sept. 8, 1994); United States v. DeSantiago-Martinez, 980 F.2d 582, 583 (9th Cir.1992). While we noted in DeSantiago-Martinez that a district court would be well advised to specifically discuss with a defendant any waiver of appellate rights, we made clear that it was not a necessary prerequisite to a finding of a knowing and voluntary waiver of the statutory right to appeal a sentence. Id. In Clark's case, the court conducted a thorough and proper Rule 11 colloquy and found that the guilty plea, pursuant to the terms and conditions of the plea agreement, was a knowing and voluntary plea. The Court stated on the record:
 
 
 12
 Court finds that the defendant is competent to enter a plea of guilty at this time; that he understands his right to trial and the nature thereof; that he understands the nature of the charges against him to which he is pleading guilty and the possible consequences of his guilty plea, including the range of possible sentences and the sentencing guideline concept under the Sentencing Reform Act of 1984; that the guilty plea is knowingly, voluntarily and intelligently made; and that there is a sufficient factual basis for the defendant's plea to determine his guilt.
 
 
 13
 United States v. Clark, No. CR 90-422-PHX-RCB (D.Ariz. Oct. 15, 1991) (change of plea). R.T. 22:6-16.
 
 
 14
 Clark expressly, knowingly, and voluntarily waived his right to appeal his sentence, and the sentence imposed by the district court is AFFIRMED.
 
 
 
 *
 The Honorable Linda H. McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.Rule 36-3
 
 
 [1]
 Pursuant to the Commentary to Guideline Sec. 1B1.11, the ex post facto clause applies to Guideline amendments. Accordingly, Clark should not have received the two-level increase which was not applicable at the date he committed the offenses