46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodolfo GUTIERREZ, Defendant-Appellant.
 No. 93-50683.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 19, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodolfo Gutierrez appeals his sentence imposed following a guilty plea to three counts of possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Gutierrez contends that the district court should have reduced his offense level by an additional level for acceptance of responsibility under U.S.S.G. Sec. 3E1.1(b). We have jurisdiction under 28 U.S.C. Sec. 1291 and dismiss this appeal because Gutierrez waived his right to appeal the sentence.
 
 
 3
 I. GOVERNMENT'S MOTION TO SUPPLEMENT RECORD ON APPEAL
 
 
 4
 The government has filed a motion to supplement the record to include a written plea agreement between the parties pursuant to Fed.R.App.P. 10(e). The plea agreement was not filed with the district court even though the district court referred to it at the change of plea hearing. The government has submitted an unsigned copy of the plea agreement.[1] The government's motion to supplement the record is granted. See Fed.R.App.P. 10(e).
 
 II. WAIVER OF RIGHT TO APPEAL
 
 5
 The government contends that Gutierrez waived his right to appeal his sentence pursuant to the plea agreement. "Whether an appellant has waived his statutory right of appeal is an issue of law subject to de novo review." United States v. Khaton, No. 94-10001, slip op. 13965, 13969 (9th Cir. Nov. 16, 1994) (citing United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991)).
 
 
 6
 A defendant may expressly waive his statutory right to appeal if the waiver is made knowingly and voluntarily. United States v. Desantiago-Martinez, 38 F.3d 394, 395 (9th Cir.1994); see also Khaton, No. 94-10001, slip op. at 13969-70 (defendant may qualify his waiver and thus retains some appeal rights); United States v. Michlin, 34 F.3d 896, 898 (9th Cir.1994) (defendant bears burden to show that waiver was not knowing and voluntary). "[A] Rule 11 colloquy on the waiver of the right to appeal is not a prerequisite to a finding that the waiver is valid; rather, a finding that the waiver is knowing and voluntary is sufficient." Desantiago-Martinez, 38 F.3d at 395 (a waiver knowing and voluntary where defendant discussed the clear and simple agreement with his lawyer and had it read to him in his native language). As long as the sentence imposed is in accordance with the plea agreement, the waiver of the right to appeal is enforceable. Michlin, 34 F.3d at 898.
 
 
 7
 Here, the plea agreement stated that Gutierrez "agree[d] to waive any appeal from [his] sentence provided that [his] final sentence [was] within the guideline range contemplated by this agreement." Gutierrez does not argue that his sentence was not imposed as contemplated by the plea agreement. Rather, he contends that his waiver was not knowing and voluntary. At the plea change hearing, Gutierrez admitted that he had read the plea agreement and had "discuss[ed] [the plea agreement] thoroughly with" his attorney. The district court confirmed that Gutierrez understood his offenses and penalties, determined that the plea was not induced by force or promises apart from the agreement, and found that Gutierrez's guilty plea was knowing and voluntary. Thus, Gutierrez knowingly and voluntarily waived his right to appeal his sentence. See Desantiago-Martinez, 38 F.3d at 395; Michlin, 34 F.3d at 898-900.
 
 
 8
 Gutierrez argues that he could not have waived his right to appeal knowingly or voluntarily since the district court specifically stated that "under some circumstances [Gutierrez] or the government may have the right to appeal any sentence." The plea agreement indicates that Gutierrez did not waive all his rights to appeal. The clause "provided that your final sentence is within the guideline range contemplated by this agreement" suggests that Gutierrez still retained some appeal rights. See Khaton, No. 94-10001, slip op. at 13969. The district court accordingly and cautiously advised Gutierrez of his limited appeal rights with a qualifier "under some circumstances." Moreover, Gutierrez discussed the plea agreement "thoroughly" with his counsel and explicitly waived his appeal rights in clear terms. On this record, we conclude that Gutierrez failed to show that his plea was not knowing and voluntary. See Desantiago-Martinez, 38 F.3d at 395; Michlin, 34 F.3d at 898-900.
 
 
 9
 Since Gutierrez's sentence was imposed in accordance with the plea agreement, Gutierrez waived his right to appeal his sentence pursuant to the plea agreement. See Michlin, 34 F.3d at 898.[2]
 
 
 10
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A signed copy of the plea agreement has been obtained from the district court. There is no discrepancy in the text of the signed and unsigned copies of the plea agreement
 
 
 [2]
 Gutierrez's motion for leave to file late brief, received on December 1, 1994, is granted. The Clerk of the Court is directed to file the late brief