67 F.3d 309
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clayton A. ABBOTT, Defendant-Appellant.
 No. 93-10381.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 25, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clayton Abbott appeals his guilty plea conviction for unarmed bank robbery in violation of 18 U.S.C. Sec. 2113(a). Abbott contends that the district court erred by failing to inform him during the Rule 11 colloquy that he had waived his right to appeal in his plea agreement. Abbott also contends that the district court erred by denying his right to self-representation. We dismiss.
 
 
 3
 We review de novo whether an appellant has waived his statutory right of appeal. United States v. Khaton, 40 F.3d 309, 311 (9th Cir.1994). A defendant may expressly waive his statutory right to appeal if the waiver is made knowingly and voluntarily. United States v. Michlin, 34 F.3d 896, 898 (9th Cir.1994). "So long as a plea agreement contains an express waiver of appellate rights, a Rule 11 colloquy concerning the waiver is not required." See id. "[A] Rule 11 colloquy on the waiver of the right to appeal is not a prerequisite to a finding that the waiver is valid; rather, a finding that the waiver is knowing and voluntary is sufficient." United States v. DeSantiago-Martinez, 38 F.3d 394, 395 (9th Cir.1992).
 
 
 4
 Here, Abbott contends that the district court erred because it did not specifically discuss the waiver of the right to appeal contained in his plea agreement during the Rule 11 colloquy. The government argues that Abbott expressly waived his right to appeal his conviction and sentence as a condition of the plea agreement. The district court informed Abbott of his constitutional rights to a trial and all the rights associated with a trial as mandated by Rule 11. Moreover, Abbott's plea agreement contained an express waiver of his right to appeal the guilty plea conviction and any sentence imposed except an upward departure under U.S.S.G. Secs. 4A1.3 and 5K2.
 
 
 5
 The record indicates, and the district court properly found, that Abbott knowingly and voluntarily entered the plea agreement. See Michlin, 34 F.3d at 898. Because the plea agreement contained an express waiver of Abbott's appellate rights, the district court was not required to inform Abbott that he had waived his appellate rights in the Rule 11 colloquy. See id. Accordingly, Abbott's express waiver of his right to appeal was valid and enforceable. See DeSantiago, 38 F.3d at 395; see also United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991).
 
 
 6
 Moreover, Abbott's knowing and voluntary guilty plea waives his right to appeal pre-plea matters. Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also United States v. Cortez, 973 F.2d 764, 766 (9th Cir.1992). Abbott claims that during pretrial motions he requested to represent himself and that his right to self-representation was violated when the request was denied. However, Abbott's subsequent guilty plea, while represented by counsel, waives this alleged pre-plea constitutional violation. See Tollett, 411 U.S. at 267.
 
 
 7
 Accordingly, Abbott's appeal is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3