83 F.3d 430
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Earl WALKER, aka Earl Cage, Defendant-Appellant.
 No. 95-10103.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1996.
Decided April 19, 1996.
 
 Before: CHOY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edward Earl Walker appeals his sentence after pleading guilty to possession of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). He contends the district court erred when pursuant to U.S.S.G. § 2D1.1(b)(1) it imposed a two-level enhancement for possession of a dangerous weapon.
 
 
 3
 Because Walker knowingly and voluntarily waived the right to appeal his sentence, his appeal is dismissed. See United States v. Michlin, 34 F.3d 896, 898-99 (9th Cir.1994).
 
 
 4
 The district court found that the defendant's waiver of his right to appeal was voluntarily and knowingly made. At his change of plea hearing, the prosecutor read the full agreement out loud in open court and the defendant testified that he understood the agreement. These procedures were sufficient to establish that the defendant's waiver was both knowingly and voluntarily made. See United States v. Buchanan, 59 F.3d 914, 917 n. 2 (9th Cir.), cert. denied, 116 S.Ct. 430 (1995); United States v. Michlin, 34 F.3d 896, 898-99 (9th Cir.1995).
 
 
 5
 The defendant asserts that his sentence fell outside the scope of the waiver. However, under the plain meaning of the plea agreement, the defendant waived the right to appeal the sentence imposed. See United States v. Bolinger, 940 F.2d 478, 480 n. 1 (9th Cir.1991).
 
 
 6
 Lastly, the defendant contends that the court erred by imposing a weapon enhancement. The record is clear, however, that the defendant supervised his brother in drug trafficking, and it was reasonably foreseeable that his brother would possess a weapon during the course of the offense. See U.S.S.G. § 1B1.3(a)(1), cmt. 3; see also United States v. Willis, 899 F.2d 873, 875 (9th Cir.1990).
 
 
 7
 The appeal is DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3