**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ivar PUGLIESE, aka Seal A,
Defendant–Appellant.**

No. 00–50560.
D.C. No. CR–99–01272–ER–1.

United States Court of Appeals,
Ninth Circuit.

Submitted June 4, 2001.*

Decided July 31, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App.P. 34(a)(2).

Before KOZINSKI and THOMAS, Circuit Judges, and COLLINS, District Judge.**

MEMORANDUM ***

Defendant Ivar Pugliese appeals his custodial sentence, his supervised release term and the district court's restitution order. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, and vacate and remand in part.

■ Because Pugliese made a knowing and voluntary waiver of his right to appeal his custodial sentence, it is not subject to review. *See United States v. Michlin,* 34 F.3d 896, 898 (9th Cir.1994).

■ Because Defendant failed to challenge his term of supervised release in the district court, we review it for plain error. *See* Fed.R.Civ.P. 52(b); *United States v. Olano,* 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Defendant's sentence for committing mail fraud in violation of 18 U.S.C. § 1341 included a supervised release term of five years. The maximum custodial sentence for violating 18 U.S.C. § 1341 is generally five years, but if the offense affected a financial institution the maximum is thirty years. *See* 18 U.S.C. § 1341. An offense subject to a maximum custodial sentence of five years is a Class D felony, *see* 18 U.S.C. § 3559(a)(4), for which the maximum period of supervised release is three years, *see* 18 U.S.C. § 3583(b)(2). The district court

classified Defendant's crimes as Class B felonies, which are offenses carrying a maximum custodial sentence of twenty-five years or more, *see* 18 U.S.C. § 3559(a)(2), and a maximum supervised release term of five years, *see* 18 U.S.C. § 3583(b)(1). By classifying Defendant's crimes as Class B felonies and sentencing him to five years of supervised release, the district court made an implicit finding that his crimes affected a financial institution. Because the district judge's finding increased the maximum statutory period of supervised release to which Defendant could be sentenced from three years to five years, it violated *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court committed plain error in sentencing Defendant to a period of supervised release greater than three years.

■ We review the legality of a restitution order de novo, and the amount of a restitution order for an abuse of discretion. *See United States v. Laney,* 189 F.3d 954, 964–66 (9th Cir.1999). The restitution amount ordered by the district court did not constitute error because it was properly calculated pursuant to 18 U.S.C. § 3663A(b).

AFFIRMED IN PART; VACATED AND REMANDED IN PART.

** Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.