**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Juan Carlos OLIVERA–MARTINEZ,
Defendant—Appellant.**

No. 03–10618.
D.C. No. CR–02–00428–DFL.

United States Court of Appeals,
Ninth Circuit.

Submitted April 27, 2004.*

Decided May 28, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Samuel Wong, Esq., USSC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Suzanne A. Luban, Esq., Law Offices of Suzanne Luban, Oakland, CA, for Defendant–Appellant.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Juan Carlos Olivera–Martinez (Martinez) pleaded guilty pursuant to a plea agreement to charges of conspiracy to manufacture marijuana, 21 U.S.C. § 846, and possession of a firearm in furtherance of that crime, 18 U.S.C. § 924(c)(1)(A). On appeal, he contends the district court erred by refusing to permit him to withdraw his plea. We reject that contention and we affirm.

## DISCUSSION

■ The Government argues Martinez's plea agreement waived his right to appeal. Such a waiver is not automatically enforceable, however, "if, on appeal, the defendant calls into question the validity of the waiver." *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994). Martinez does so by arguing he did not voluntarily and knowingly agree to the waiver. Specifically, he asserts he misunderstood the plea agreement and his attorney failed to explain it to him. He contends because he did not understand the plea agreement, his plea was involuntary and the district court erred by not permitting him to withdraw it.

■ The record does not support Martinez's claims that he did not understand the terms of the plea agreement and did not voluntarily plead guilty. At the plea hearing, the plea agreement was summarized and Martinez was expressly informed and agreed he would receive a fifteen-year sentence and he was waiving his right to appeal that sentence. The court repeatedly advised Martinez that the plea agreement provided for a fifteen-year sentence, and noted twice that if the sentence imposed was fifteen years, Martinez would waive his right to appeal. In every instance, Martinez indicated he understood. At the plea hearing, Martinez affirmed he had discussed the matter with his attorney and was fully satisfied with his attorney's representation. We have no doubt, as the district court determined, there is a factual

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

basis for Martinez's plea, Martinez understood the nature of the charges and the consequences of the plea, and his plea was freely and voluntarily made.

Martinez nonetheless argues he should have been permitted to withdraw his plea prior to sentencing. He asserts he had an absolute right to do so because the district court had not yet accepted his guilty plea. We disagree. Although the district court first indicated it would "provisionally accept the guilty plea," the court stated at the conclusion of the plea hearing that "defendant's plea of guilty is accepted...."

■ After a guilty plea has been accepted, the district court has discretion to permit a defendant to withdraw the plea only upon a showing of a "fair and just reason." *See United States v. Nostratis,* 321 F.3d 1206, 1208 (9th Cir.2003). Martinez claims he met that burden by asserting he did not understand the terms and effect of the plea agreement. As discussed above, there is no indication Martinez did not fully understand the agreement and the benefits it provided and the rights he waived. Martinez also argues there were defenses he might have been able to raise at trial. The record indicates, however, the strength of those defenses was duly considered in the decision to plead guilty. *See United States v. Nguyen,* 235 F.3d 1179, 1184 (9th Cir.2000). Martinez also contends he should have had the right to contest the Government's assertion that he fired his gun at the arresting officers. The record indicates the district court did not consider that contested fact for sentencing purposes. We agree with the court that there was no reason "to withdraw the guilty plea so that [Martinez] can contest a matter which is no longer at issue."

■ Finally, Martinez claims he received ineffective assistance of counsel.

Ordinarily, such a claim would not be reviewed on direct appeal. *See United States v. McKenna,* 327 F.3d 830, 845 (9th Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 359, 157 L.Ed.2d 254 (2003). Nonetheless, we will review the claim when defendants seek "to attack the validity of their pleas by attempting to demonstrate that counsel was so deficient in advising them of the nature of the case against them and the consequences of pleading guilty that they were deprived of information necessary to render their pleas truly knowing." *Michlin,* 34 F.3d at 900 (internal quotation omitted). Martinez makes a similar argument by alleging his attorney did not adequately explain the provisions of the plea agreement. That argument is belied, however, by Martinez's admission at the plea hearing that he discussed the matter with his attorney and by the fact the plea agreement provisions were summarized to him during that hearing. Moreover, Martinez suffered no prejudice from his attorney's acts—the negotiated plea agreement reduced Martinez's sentence below the statutory, mandatory minimum.

We conclude Martinez voluntarily and knowingly agreed to plead guilty pursuant to a negotiated plea agreement. There was no fair and just reason to compel the district court to permit him to withdraw that plea. Accordingly, we affirm the district court's denial of Martinez's motion to withdraw his guilty plea.

AFFIRMED.