UNITED STATES of America,
Plaintiff—Appellee,

v.

Richard A. WRIGHT, Jr., Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Donald Hamilton, Defendant—
Appellant.

Nos. 01–50247, 03–50185.
D.C. No. CR–98–00023–RJT–
02, CR–98–00023–RT–1.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2004.

Decided July 1, 2004.

Miriam A. Krinsky, AUSA, Elaine Lu, Esq., Ronald L. Cheng, Esq., United States Attorneys Office, Los Angeles, CA, for Plaintiff–Appellee.

Verna J. Wefald, Esq., Bensinger Grayson & Ritt, Pasadena, CA, Richard D. Rome, Law Offices of Richard D. Rome, Van Nuys, CA, for Defendant–Appellant.

Before TROTT, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM *

Richard A. Wright and Donald Hamilton (collectively "Appellants") appeal the district court's finding that the subsequent conviction of Officer Doug Bos, for witness tampering in an unrelated investigation, did not affect the court's denial of their motions to suppress. Appellants assert that the district court abused its discretion in denying their discovery and continuance requests and clearly erred in denying their motions to suppress. We have jurisdiction pursuant to 28 U.S.C. § 1291. We dismiss in part and affirm in part.

### A. Wright's Appeal

■ A waiver of a right to appeal is enforceable "if knowingly and voluntarily made." *United States v. Michlin,* 34 F.3d 896, 898 (9th Cir.1994) (citations omitted). On September 15, 1999, Wright entered into a written plea agreement, in which he agreed to enter an unconditional plea of guilty to all four counts of the Third Superseding Indictment and to waive his right to appeal any sentence imposed by the court. The record shows that Wright knowingly and voluntarily agreed to this waiver in a negotiated plea agreement, and he has made no showing that the subsequent conviction of Bos undermined his plea agreement or rendered his waiver unknowing and involuntary. Accordingly, we dismiss Wright's appeal. *See id.*

### B. Hamilton's Appeal

We treat Hamilton's renewed motion to suppress as a habeas petition. Due to the procedural history of this case, Hamilton could not have known that a Certificate of Appealability ("COA") was required, and we therefore treat his notice of appeal as a request for a COA on the issues in his opening brief. *Cooper v. Calderon,* 255 F.3d 1104, 1107 (9th Cir.2001). We grant the COA as to all issues.

Because Hamilton preserved his right to appeal, we next address his contentions that the district court's discovery decisions were an abuse of discretion and that the district court's decision reaffirming its denial of the suppression motions constituted clear error.

### C. Denial of Requests for Discovery and for Continuance of the Evidentiary Hearing.

A district court's discovery rulings are reviewed for an abuse of discretion. *See United States v. Khan,* 35 F.3d 426, 431 (9th Cir.1994); *United States v. Bourgeois,* 964 F.2d 935, 937 (9th Cir.1992). "The decision to grant or deny a requested continuance lies within the broad discretion of the district court, and will not be disturbed on appeal absent clear abuse of that discretion." *United States v. Gonzalez–Rincon,* 36 F.3d 859, 865 (9th Cir.1994) (inter-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

nal quotation marks and citation omitted); *see also United States v. Lewis,* 991 F.2d 524, 528 (9th Cir.1993) (explaining that to reverse a trial court's denial of a continuance, "an appellant must show that the denial prejudiced his defense").

■ At the evidentiary hearing, Appellants requested further discovery relating to Bos' conviction and asked for a continuance of the hearing to allow them to develop and present further testimony potentially undermining the credibility of Bos. They also specifically requested that an investigator be appointed to interview potential witnesses and to review Bos' case files. We conclude that the district court did not abuse it discretion in denying these requests. First, with respect to their request for further discovery, the information sought by Appellants was immaterial. It is undisputed that the district court's original decisions on the suppression motions were based on the testimony of all witnesses, and not merely the testimony of Bos. Indeed, all material facts at issue were fully supported by the testimony of these other credible witnesses. Accordingly, the district court's denial of their request for further discovery regarding Bos' investigative history and alleged transgressions was not an abuse of discretion.

■ With respect to Appellants' request to continue the evidentiary hearing, Appellants present nothing but speculation in support of their desire to present Merced Ramirez, and other unidentified witnesses, to testify about Bos' alleged misconduct and lack of credibility. They have failed to explain what material information these witnesses could provide, especially in light of the corroborating testimony provided by other credible witnesses presented at the suppression hearing. Moreover, the district court did grant the initial request to call Ramirez as a witness, yet Appellants

failed to arrange for his appearance. Accordingly, the district court's decisions denying the request to continue the hearing or to appoint an investigator to interview Ramirez were not an abuse of discretion.

### 2. Exigency Justifying Warrantless Entry

■ "This court reviews de novo the district court's denial of the suppression motion and its conclusion that exigent circumstances were present." *United States v. VonWillie,* 59 F.3d 922, 925 (9th Cir. 1995). "The district court's underlying factual findings are reviewed for clear error." *Id.*

Appellants assert that Bos' criminal conviction undermines the district court's finding that the warrantless entry was justified. We do not agree. Even if Bos' conviction placed his credibility in doubt, the validity of the warrantless entry is supported by the acknowledged existence of corroboration by other credible witnesses of the material evidence in this case. Because all relevant facts were fully corroborated by the other officers and witnesses who testified at the original suppression hearing, the district court did not clearly err in finding that Bos' subsequent conviction did not alter the previous finding that exigent circumstances supported the warrantless entry.

### 3. Search Warrant

This Court "review[s] for clear error the district court's findings whether any statements were false or omitted and whether any such statements were intentionally or recklessly made." *United States v. Elliott,* 322 F.3d 710, 714 (9th Cir.2003). "Review under the clearly erroneous standard is significantly deferential, 'requiring for reversal a definite and firm conviction that a mistake has been committed.'" *Id.* (quot-

ing *United States v. Maldonado,* 215 F.3d 1046, 1050 (9th Cir.2000)).

Appellants assert that the search warrant affidavit contained false statements regarding the location of the pipe receipt, the opened position of the hotel door, and the chemical odors emanating from the hotel room. Because each of the alleged false statements made in the affidavit was fully corroborated by testimony given by other credible witnesses, the district court did not clearly err in reaffirming its factual finding that the affidavit did not contain false information.

Accordingly, the district court's denial of Hamilton's habeas petition is affirmed.

AFFIRMED in part. DISMISSED in part.

