**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Aaron Kenneth DOLLISON,**
**Defendant–Appellant.**

No. 03–30352.

United States Court of Appeals,
Ninth Circuit.

Submitted July 6, 2004.*

Decided Aug. 12, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Jo Ann Farrington, Esq., Office of the U.S. Attorney, Anchorage, AK, for Plaintiff-Appellee.

Steven J. Priddle, Esq., Law Offices of Steven J. Priddle, Anchorage, AK, for Defendant-Appellant.

Before: HALL, KLEINFELD, and WARDLAW, Circuit Judges.

MEMORANDUM **

Aaron Kenneth Dollison appeals his conviction, pursuant to a guilty plea, for the attempt to possess with intent to distribute fifty grams or more of cocaine base.

■ The district court did not abuse its discretion by denying Dollison's motion to withdraw his plea. Dollison's contention that a fair and just reason for withdrawal exists because his attorney erroneously predicted his potential sentence fails because it is well established that "an erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea." *United States v. Michlin*, 34 F.3d 896, 899 (9th Cir.1994) (citation omitted). Moreover, the record is replete with evidence demonstrating that Dollison was fully aware of an accurate prediction of his potential sentence.

■ Dollison's argument that a fair and just reason for withdrawal exists because he received ineffective assistance of counsel similarly fails. While we do not ordinarily review such claims on direct appeal, *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir.2003), because Dollison seeks "to attack the validity of [his] plea[ ] by attempting to demonstrate that counsel was so deficient in advising [him] of the nature of the case against [him] and the consequences of pleading guilty that [he was] deprived of information necessary to render [his] plea[ ] truly knowing," *Michlin*, 34 F.3d at 900 (internal quotation omitted), review is proper. Dollison argues that he received ineffective assistance of counsel because his attorney failed to

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

properly advise him of the terms of the plea agreement, acted contrary to his instructions with respect to the plea agreement, and failed to recognize a potential entrapment defense. Other than Dollison's own unsupported assertions, which are contradicted by all of the other evidence in the record, there is no reason to believe that Dollison was not fully advised of the terms of the plea agreement or that he conditioned acceptance of the plea on purported promises from counsel. Further, Dollison's contention that he received ineffective assistance of counsel because his attorney failed to recognize a potential entrapment defense fails because evidence on a videotape filed under seal on appeal establishes that Dollison was predisposed to commit the crime.

For the foregoing reasons, Dollison's independent claim of ineffective assistance of counsel fails as well.

AFFIRMED.