**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Francisco SABRINA–RODRIGUEZ,**
**Defendant—Appellant.**

No. 04–30290.

D.C. No. CR–03–67–RFC.

United States Court of Appeals,
Ninth Circuit.

Submitted May 2, 2005.*

Decided May 4, 2005.

Marcia Good Hurd, USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff—Appellee.

Mark S. Werner, FDMT—Federal Defenders of Montana, Billings, MT, for Defendant—Appellant.

Before WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Francisco Sabrina–Rodriguez appeals the district court's denial of his motion to withdraw his guilty plea to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

After pleading guilty, but before being sentenced, Sabrina–Rodriguez moved to withdraw his plea alleging that his attorney provided erroneous advice regarding the sentence Sabrina–Rodriguez would receive and that the error was not remedied by the plea colloquy conducted by the district court. We conclude that the district court did not abuse its discretion by denying the motion to withdraw because Sabrina–Rodriguez did not "show a fair and just reason" for allowing the withdrawal. Fed. R.Crim.P. 11(d)(2)(B).

"[A]n erroneous prediction by defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea." *United States v. Michlin,* 34 F.3d 896, 899 (9th Cir.1994) (internal citations omitted). While we have recognized that an exception to that rule may exist where counsel's error resulted in a gross mischaracterization of the likely outcome, *see id.,* this case does not fall within such an exception. *See Doganiere v. United States,* 914 F.2d 165, 168 (9th Cir.1990) (holding that counsel's inaccurate prediction that guilty plea would result in twelve year sentence did not rise to the level of gross mischaracterization or ineffective assistance of counsel even though court ultimately imposed a fifteen year sentence); *United States v. Garcia,* 909 F.2d 1346, 1348 (9th Cir.1990) (finding that counsel's erroneous prognostication that a guilty plea would result in a sentence of no more than eight years, and actual sentence imposed was 235 months or approximately 19 ½ years did not warrant withdrawal of plea).

Here, counsel predicted a sentencing range of 70–87 months, while the sentence actually imposed was 108 months. On these facts, the district court did not abuse its discretion in denying the motion to withdraw the plea. The record indicates that Sabrina–Rodriguez's plea was knowing and voluntary, made with a full understanding of the statutory minimum and maximum sentence requirements, and entered following advisement that the district court retained the final sentencing determination.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.