**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Herman RESNICK, Defendant— Appellant.**

**No. 03–10526.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2006.

Decided Feb. 9, 2006.

---

Joseph A. Fazoli, Esq., USSF–Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

George C. Boisseau, Esq. Santa Rosa, CA, for Defendant–Appellant.

Before: NOONAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

The appellant challenges his sentence imposed for having committed armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). We are called to address whether we have jurisdiction over the appellant's claims in light of his plea agreement's express waiver of the right to appeal. *See United States v. Jeronimo,* 398 F.3d 1149, 1152–53 (9th Cir.2005) ("We lack jurisdiction to entertain appeals where there was a valid and enforceable waiver of the right to appeal."); *see also United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999) ("It would overreach our jurisdiction to entertain an appeal when the plea agreement effectively deprived us of jurisdiction."). We conclude that we do not.

Whether a defendant has waived his statutory right to appeal in his plea agreement is a question of law that this court reviews de novo. *United States v. Bynum,* 362 F.3d 574, 583 (9th Cir.2004). We "regularly" enforce knowing and voluntary waivers of appellate rights in criminal cases. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (" 'The sole test of a waiver's validity is whether it was made knowingly and voluntarily.' " (quoting *United States v. Anglin,* 215 F.3d 1064, 1068 (9th Cir.2000))). An express waiver of a defendant's right to appeal is valid if the language of the waiver encompasses the grounds claimed on appeal and if the guilty plea is knowingly and voluntarily made. *United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005). In other words, if the appellant's waiver of appellate rights was knowing and voluntary, this court's "inquiry into the waiver's validity is at an end; the valid waiver bars [the appellant's] underlying challenges to his … sentence and we must dismiss the appeal." *Nguyen,* 235 F.3d at 1182 (citing *United States v. Michlin,* 34 F.3d 896, 898 (9th Cir.1994)).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Here, the appellant's strongest objection to his sentence—that the district court committed reversible error in failing to consider the government's downward-departure motion at the time of sentencing—concerns a procedural error not contemplated by the plea agreement.[1] While he "does not contend that his guilty plea was not knowingly and voluntarily made[,]" he appears to argue that he did not fully appreciate the character of the potential appellate claims that he surrendered. "The whole point of a waiver, however, is the relinquishment of claims *regardless* of their merit." *Id.* at 1184 (emphasis in original). We reject the appellant's attempt to make an end-run around his plea agreement—which expressly waived his right to appeal his sentence under *all* circumstances—because he knew at the time of his plea that he was giving up his right to appeal for a possible reduction in his sentence, even if he did not know exactly what the issues on appeal might be. *See United States v. Ruiz,* 536 U.S. 622, 630, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002) (stating that "the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor"). In fact, the appellant received a sentence below that recommended by the government. Just because the choice looks different to the appellant with the benefit of hindsight does not provide a basis to challenge that choice on appeal. *See United States v. Navarro–Botello,* 912 F.2d 318, 320 (9th Cir.1990) ("Whatever appellate issues might have been available to [the appel-

lant] were speculative compared to the certainty derived from the negotiated plea with a set sentence parameter."). Accordingly, the appeal is

DISMISSED.

---

1. We do not give a full recitation of the facts because the parties are already familiar with them.

