**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Trinidad LARA, a/k/a Seal**
**A, Defendant–Appellant.**

**No. 05–50293.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2007 *.

Filed Jan. 19, 2007.

Becky S. Walker, Esq., Andrew G. Brown, USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jose Lara, Los Angeles, CA, Sylvia Baiz, Esq., San Diego, CA, for Defendant–Appellant.

Before: KLEINFELD, GOULD, and SMITH, Circuit Judges.

MEMORANDUM **

Jose Trinidad Lara appeals his twenty-year sentence for conspiracy to distribute and possession with intent to distribute cocaine and cocaine base, and to manufacture cocaine base.[1] Lara challenges his sentence on two grounds: (1) it was unrea-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *See* 21 U.S.C. § 841(a)(1).

sonable; and (2) the district court committed constitutional error by finding facts underlying guideline enhancements by a preponderance of the evidence.

We dismiss Lara's challenge to the reasonableness of his sentence because he waived his right to appeal nonconstitutional sentencing errors.[2] The district court's obligation to impose a reasonable sentence is statutory, not constitutional.[3] Accordingly, we lack jurisdiction to review Lara's claim.[4]

Although Lara's challenge to the standard of proof used by the sentencing judge to find facts underlying guideline enhancements is a constitutional one, it lacks merit. There is no "requirement that such facts be found beyond a reasonable doubt."[5] This is not an "exceptional case"[6] where the guideline enhancements have "an extremely disproportionate effect on the sentence relative to the offense of conviction."[7] Therefore, "the preponderance of the evidence standard is the appropriate standard."[8]

---

2. Lara has not alleged that his waiver of appellate right was invalid. Under *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999), we deem this argument waived.

3. *See, e.g., United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006) (describing reasonableness challenge as "nonconstitutional").

4. *See United States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994) ("If we conclude the waiver is valid, we must dismiss.").

5. *United States v. Clark*, 452 F.3d 1082, 1085 (9th Cir.2006); *see also United States v. Staten*, 466 F.3d 708, 717–718 (9th Cir.2006) ("In the aftermath of *Booker*, this circuit held that, as before *Booker*, the preponderance of evidence standard generally satisfies due process concerns.... We agree with the suggestion in our post-*Booker* cases ... that the clear and convincing standard still pertains post-*Booker* for an enhancement applied by

DISMISSED IN PART AND AFFIRMED IN PART.

---

the district court that has an extremely disproportionate effect on the sentence imposed.") (citations omitted); *United States v. Lyons*, 453 F.3d 1222, 1236 (9th Cir.2006) ("[P]re-*Booker* standards of proof apply to sentencing.").

6. *See United States v. Hopper*, 177 F.3d 824, 833 (9th Cir.1999).

7. *United States v. Dare*, 425 F.3d 634, 642 (9th Cir.2005) (quoting *United States v. Hopper*, 177 F.3d 824, 833 (9th Cir.1999) (quoting *United States v. Restrepo*, 946 F.2d 654, 659 (9th Cir.1991) (en banc))).

8. *United States v. Lyons*, 453 F.3d 1222, 1236 (9th Cir.2006) (quoting *United States v. Dare*, 425 F.3d 634, 642 (9th Cir.2005)).

