FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10585 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00080-CRW-PAL-3 |
| v. | |
| GARY COLOMBO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Charles R. Wolle, Senior District Judge, Presiding

Submitted December 9, 2011[**]
San Francisco, California

Before: TROTT and BEA, Circuit Judges, and STAFFORD, Senior District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**]    The Honorable William H. Stafford, Jr., Senior District Judge for the U.S. District Court for Northern Florida, sitting by designation.

Gary Colombo pleaded guilty to participating in a massive wire fraud in exchange for considerable favorable concessions by the government. Notwithstanding his plea agreement's waiver of appeal clause, he appeals on two related grounds, neither of which we conclude is valid.

1) Colombo attacks the validity of his plea including his appeal waiver on the ground that the agreement lacked a valid factual basis. We disagree. In his signed and counseled agreement, he unmistakably admitted participating in the alleged conspiracy with the requisite state of mind. When asked by the district court if he was pleading guilty because he was guilty, he said "I'd guess I'd have to say yes." Not only is this record devoid of plain error, but his plea agreement and his plea allocution taken together demonstrate a clear factual basis for the plea to which he admitted.

2) Thus, his attempt to vitiate his waiver of the right to appeal fails. See United States v. Michlin, 34 F.3d 896 (9th Cir. 1994); United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996) (valid appeal waivers serve an "important function in the judicial administrative process").

APPEAL DISMISSED.