**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50046 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00050-GAF-17 |
| v. | |
| LOUIS DOWDELL, III, AKA Blackey, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted October 20, 2015
Pasadena, California

Before: RAWLINSON and NGUYEN, Circuit Judges and BOULWARE,[**] District
Judge.

Louis Dowdell, III appeals the denial of his motion to withdraw his guilty

plea to a charge of Racketeer Influenced and Corrupt Organizations ("RICO")

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Richard F. Boulware, District Judge for the U.S.
District Court for the District of Nevada, sitting by designation.

conspiracy in violation of 18 U.S.C. § 1962(d). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in denying Dowdell's motion to withdraw his guilty plea.[1] The district court adequately informed Dowdell of the elements of the RICO conspiracy offense. Dowdell was properly instructed that he was pleading guilty to a RICO conspiracy with an enhanced sentence due to the predicate crime of conspiracy to commit murder with malice aforethought. The government was not required to prove an overt act in furtherance of the conspiracy to commit murder. *Salinas v. United States*, 522 U.S. 52, 63 (1997); *see also United States v. Frega*, 179 F.3d 793, 810 n.21 (9th Cir. 1999). Moreover, there was a sufficient factual basis to support the plea. *United States v. Alber*, 56 F.3d 1106, 1110 (9th Cir. 1995). Dowdell admitted that he was a respected older member of the gang who was contacted when other members planned activities in his neighborhood, and that he spoke with a co-defendant and agreed that the gang should kill a former member.

**AFFIRMED.**

---

[1] Because Dowdell's arguments concern whether he knowingly and voluntarily entered into his plea agreement, we reach the merits of the appeal despite the waiver of appeal rights contained in the agreement. *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994).